Mei Ju LIN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–4111.

United States Court of Appeals, Second Circuit.

April 23, 2004.

Joshua Bardavid, for Theodore N. Cox, New York, NY, for Petitioner.

Megan L. Brackney, Assistant U.S. Attorney, for David N. Kelley, U.S. Attorney for the Southern District of New York (Sara L. Shudofsky, Assistant U.S. Attorney), for Respondent, of counsel.

Present: LEVAL, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Petitioner Mei Ju Lin, a citizen of the People's Republic of China, attempted to enter the United States illegally in 1992 at Honolulu, Hawaii. Detained by the Immigration and Naturalization Service (INS), she filed an application for asylum, stating that she fled China in fear of forcible sterilization pursuant to that government's family planning policy. In 1994, after a hearing at which Lin testified, the Immigration Judge (IJ) denied Lin's asylum application. The IJ found that her testimony was evasive, unresponsive, and in-

consistent. Invoking the then-applicable definition of "refugee" under the Immigration and Naturalization Act (INA), the IJ also held that Lin's application was inadequate as a matter of law because she had not demonstrated that China's family planning policy was applied selectively to her on the basis of a prohibited category.[1]

On appeal to the Board of Immigration Appeals (BIA), Lin argued that the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)'s expansion of the "refugee" category to include persons subjected to or threatened with forcible abortion or sterilization entitled her to asylum.[2] She also offered an explanation for certain inconsistencies in her testimony before the IJ. In May 2000, the BIA issued a *per curiam* ruling denying Lin's appeal. The Board acknowledged the altered definition of "refugee" and accepted Lin's explanation for the apparent testimonial inconsistency. The BIA held, however, that Lin's appeal was unavailing because she had failed to establish either past persecution or a credible fear of future persecution if she were forced to return to China.

On January 22, 2002, Lin, represented by new counsel, filed a "Motion for Reopening Based on *Lozada*," contending that her former attorneys had provided

---

* The Honorable Jed S. Rakoff, U.S. District Judge for the Southern District of New York, sitting by designation.

1. At the time of the IJ's ruling, involuntary sterilization was insufficient to establish the requisite persecution or fear of persecution to render an alien eligible for asylum. *See Matter of Chang*, 20 I. & N. Dec. 38, 44, 1989 WL 247513 (BIA 1989) ("We cannot find that implementation of the 'one couple, one child' policy in and of itself, even to the extent that involuntary sterilizations may occur, is persecution or creates a well-founded fear of persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.' ").

2. "[A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42).

ineffective assistance in the preparation of her asylum application, hearing testimony, and documentary evidence. She alleged, *inter alia*, that her prior counsel's staff had encouraged her to lie about her ability to bear children, had failed to submit important evidence to the IJ and the BIA, and erroneously had informed her after the BIA denied her appeal that she had exhausted all avenues of legal redress. Lin complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988).[3] She also appended additional documentary evidence to her motion.

In an order dated March 15, 2002, the BIA denied Lin's Motion for Reopening. For reasons that are not entirely clear, the BIA treated Lin's motion as one for reconsideration, rather than reopening, but observed that under either rubric, the motion was untimely.[4] Finding that Lin had "offered no explanation as to why this motion was filed late," and had "failed to exercise diligence in pursuing her rights," the Board concluded that the filing deadline

should not be equitably tolled. [A2] Lin filed a timely notice of appeal to this Court.

In *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir.2000), we held that "[f]or an untimely claim to receive the benefit of equitable tolling … an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." In her motion for reopening before the BIA, Lin made no attempt to show that she exercised due diligence. Her motion papers did not address that issue. In view of the fact that her motion was filed long after the expiration of the 90 days allowed for a motion to reopen and that the motion made no assertion of due diligence, the BIA was justified in ruling the motion untimely.

We have considered all of the petitioner's arguments and found them to be mer-

---

3. "A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not." *Matter of Lozada*, 19 I. & N. Dec. at 637.

4. A motion to reconsider must be filed with thirty days of a final order; an applicant has 90 days to file a motion to reopen. *See* 8 C.F.R. §§ 3.2(b)(2) & 3.2(c)(2). We note, however, that the BIA's treatment of Lin's

motion as one for reconsideration rather than reopening, while ultimately not dispositive in this case, was incorrect as a matter of law. In *Iavorski*, we stated clearly that "[c]laims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present 'new facts' that are 'material and [were] not available and could not have been discovered or presented at the former hearing.'" 232 F.3d at 129 (quoting 8 C.F.R. § 3.23(b)(3) (2000) (alteration in original)). *See also Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (noting that the question of whether petitioner could have known about former counsel's ineffectiveness prior to obtaining new counsel "is not a basis for converting a motion to reopen into something it certainly was not, namely, a motion to reconsider the case on the basis of the existing record"). Although in the end, we agree that the petitioner's motion to reopen was untimely, her ultimate lack of success does not convert her motion for reopening into a motion for reconsideration.

itless. Accordingly, the BIA's denial of petitioner's motion to reopen her exclusion proceeding is AFFIRMED.